UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRADFORD SKINNER | CIVIL ACTION |
| VERSUS | NO. 13-4916 |
| STATE OF LOUISIANA | SECTION "C" |

ORDER AND REASONS

This matter comes before the Court on petition for habeas corpus under 28 U.S.C. § 2241 filed by Bradford Skinner ("Skinner"). Having reviewed the record and the law, the Court has determined that the petition should be denied for the following reasons.

The petitioner is a pre-trial detainee awaiting trial on a charge of possession of carisoprodol with intent to distribute in Orleans Parish. He was adjudicated incompetent to stand trial after a mental competency hearing on May 30, 2013. He signed this petition on June 5, 2013, it was filed on June 27, 2013, and on June 28, 2013, he was ordered for pre-trial commitment in the custody of the Forensic Division of the Eastern Louisiana Mental Health System in Jackson, Louisiana.

In this petition, Skinner argues that his arrest relative to the pending state court charge was illegal because the arresting officers did not have probable cause, that the officers were not authorized to conduct a search under *Terry v. Ohio*, 392 U.S. 1 (1968), that any search exceed the scope permitted and that any evidence received as a result should be suppressed. Rec. Doc. 3 at ¶¶ III - IV. He also argues that the arrest was

1

invalid because he was not fully advised of the reason for his arrest. Rec. Doc. 3 at ¶ V. Skinner requests an order for his release and requiring an evidentiary hearing. Rec. Doc. 3 at V. The State argues that the petition should not be granted because the petitioner's claims have not been exhausted and are procedurally barred and forfeited, and relief is otherwise unavailable under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

The state court record filed by the State with its response reveals that a preliminary hearing and a hearing on the petitioner's motion to suppress evidence was held on December 4, 2012. The motion to suppress was denied by the state trial court on and never appealed.

A pre-trial detainee seeking relief under § 2241( c)(3) must first exhaust state court remedies before seeking federal relief. *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Exhaustion is required to protect the state courts' opportunity to address constitutional concerns within their jurisdictions and to limit federal intereference in state judicial proceedings. *Id.* Exhaustion occurs when the petitioner has fairly presented the substance of his federal claims to the state courts in a procedurally proper manner. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Each claim must be presented to the state's highest court, even when that review is discretionary. *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998).

The Court finds that the petitioner has not presented his claims to the Louisiana state courts in a procedurally correct manner and, therefore, the claims are not properly presented this Court. Even if the claims were properly exhausted, the Court is persuaded by the State's argument that the Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971). A federal court should abstain if the issues presented by a pre-trial detainee may be resolved by trial or in a state court proceeding. *Dickerson*, 816 F.2d at 225.

Accordingly,

IT IS ORDERED that the petition for habeas corpus under 28 U.S.C. § 2241 filed by Bradford Skinner is DENIED.

New Orleans, Louisiana, this 30th day of September, 2013.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE